UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY McKENZIE,<br><br>        Plaintiff,<br><br>   v.<br><br>TRUCKEE TAHOE AIRPORT DISTRICT, a public entity, and DOES 1-20, inclusive,<br><br>        Defendant. | No. 2:14-cv-00480 JAM DAD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant Truckee Tahoe Airport District's ("Defendant") seeks dismissal of Plaintiff Audrey McKenzie's ("Plaintiff") second cause of action in the First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is GRANTED.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 20, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is a resident of Nevada.  FAC ¶ 3.  Defendant is a public entity, organized and operating under the constitution and laws of the State of California.  FAC ¶ 2.  On July 6, 2013, Plaintiff was attending the Truckee Tahoe Air Show with her son and fiancé.  FAC ¶ 9.  This event occurred on the premises of the Truckee Tahoe Airport, which was owned and controlled by Defendant.  FAC ¶ 15.  Plaintiff alleges that she was injured when she tripped over "airplane chocks (wheel blocks tied together with rope) and she fell backwards[.]"  FAC ¶ 11.  Plaintiff alleges that this constituted a "dangerous condition" and Defendant is liable for her injuries.  FAC ¶ 18.

On February 14, 2014, Plaintiff filed her original complaint and four months later filed her FAC.  The FAC includes two causes of action: (1) "Dangerous Condition of Public Property – Government Code § 835;" and (2) "Vicarious Liability of Public Employees – Gov. Code §815.2").

II.   OPINION

Plaintiff's second cause of action should be dismissed, according to Defendant, because "the general rule of vicarious liability of public entities for employee negligence (Government Code section 815.2) does not apply in dangerous condition cases."  Mot. at 2.  Defendant contends that it is well-settled California law that a public entity's liability in a dangerous condition case is exclusively governed by Government Code §§ 830 – 835.4.  Mot. at 4 (citing Longfellow v. Cnty. of San Luis Obispo, 144 Cal.App.3d 379 (1983) and Van Kempen v. Hayward Area Park etc.

Dist., 23 Cal.App.3d 822 (1972)).  Plaintiff responds in her opposition to this motion that Longfellow has been criticized as "anomalous" and "internally inconsistent" and should not be followed by this Court  Opp. at 3 (citing Paterno v. State of California, 74 Cal.App.4th 68 (1999) and Pfleger v. Superior Court, 172 Cal.App.3d 421 (1985)).

    Section 815 of the California Government Code provides: "Except as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee[.]" Gov't. Code § 815(a).  In California, governmental tort liability must be based on a statutory provision.  Fox v. Cnty. of Fresno, 170 Cal.App.3d 1238, 1241 (1985).  Section 815.2 is the general statutory authority for the vicarious liability of a public entity, for the negligence of one of its employees.  Specifically, section 815.2 provides: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee[.]"  Gov't. Code § 815.2(a).  By its plain terms, section 815.2 dictates that a public entity cannot be found vicariously liable for the acts of its employee, unless that employee could be found individually liable for those acts.

    Importantly, section 840 limits the liability of public employees in "dangerous condition" cases.  Specifically, section 840 states: "Except as provided in this article, a public employee is not liable for injury caused by a condition of public

3

property where such condition exists because of any act or omission of such employee within the scope of his employment." Gov't. Code § 840. The general rule of vicarious liability – as set out in section 815.2(a) –therefore does not apply in "dangerous condition" cases. See <u>Longfellow v. Cnty. of San Luis Obispo</u>, 144 Cal.App.3d 379, 383 (1983); <u>Van Kempen v. Hayward Area Park etc. Dist.</u>, 23 Cal.App.3d 822, 825 (1972). Rather, the liability of a public entity and a public employee in dangerous condition cases is governed, respectively, by section 835 and section 840.2. This means that in this "dangerous condition" case, plaintiff may not bring her vicarious liability claim against Defendant pursuant to section 815.2 because such a cause of action may only be brought pursuant to section 835, which "sets out the exclusive conditions under which a public entity is liable for injuries caused by a dangerous condition of public property." <u>Brown v. Poway Unified Sch. Dist.</u>, 4 Cal.4th 820, 829 (1993). For this reason, the Court concludes that Plaintiff's second cause of action for vicarious liability, *pursuant to section 815.2*, does not state a viable claim for relief.

This is consistent with well-settled California case law. In <u>Longfellow</u>, a California appellate court held that the plaintiffs had not stated a cause of action under section 815.2 for vicarious liability of a public entity in a dangerous condition case. <u>Longfellow</u>, 144 Cal.App.3d at 383. The <u>Longfellow</u> court specifically noted that "public entity liability for property defects is not governed by the general rule of vicarious liability provided in section 815.2, but rather by the provisions in sections 830 to 835.4 of the Government Code."

1  Longfellow, 144 Cal.App.3d at 383; see also, Van Kempen, 23
2  Cal.App.3d at 825 (noting that "public entity liability for
3  property defects is not governed by the general rule of vicarious
4  liability provided in section 815.2, but instead by the specific
5  provisions set forth in sections 830-835.4").

6      Plaintiff's criticism of Longfellow is unpersuasive.  Opp.
7  at 1.  Plaintiff notes that several California courts have
8  characterized Longfellow as "anomalous" and "internally
9  inconsistent."  Opp. at 1 (citing Paterno v. State of California,
10 74 Cal.App.4th 68 (1999) and Pfleger v. Superior Court, 172
11 Cal.App.3d 421 (1985)).  This criticism that has been leveled at
12 Longfellow is irrelevant to the present case, as it concerns the
13 Longfellow court's dismissal of a separate cause of action for
14 nuisance.  Paterno, 74 Cal.App.4th at 103-04; Pfleger, 172
15 Cal.App.3d at 429-30.  In the present case, nuisance is not at
16 issue.  Also, as discussed above, Longfellow's analysis of the
17 relationship between sections 815.2 and 830 - 835.4 is supported
18 by the text of those statutes.

19     Finally, Plaintiff's argument regarding the "general rule
20 permitting pleading of causes of action in the alternative",
21 Opp. at 3 (citing Grudt v. City of Los Angeles, 2 Cal.3d 575
22 (1970)), necessarily assumes that a claim for vicarious liability
23 of a public entity in a "dangerous condition" case, brought
24 pursuant to section 815.2, is a legally viable cause of action.
25 As discussed above, that is not the case and so the general rule
26 that a party may plead alternative theories of relief does not
27 help Plaintiff in opposing this motion.

28     For all of these reasons, Defendant's Motion to Dismiss

Plaintiff's second cause of action is GRANTED.  As amendment of the complaint would be futile, the motion is GRANTED WITH PREJUDICE.  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.  ORDER

The Court GRANTS WITH PREJUDICE Defendant's Motion to Dismiss Plaintiff's second cause of action.  Plaintiff's action will proceed consistent with this Order.

IT IS SO ORDERED.

Dated: October 7, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE