REID, AXELROD
Donald S. Honigman, SB# 106914
315 Montgomery Street, Suite 800
San Francisco, CA 94104
Phone:  (415) 451-3300
Fax:      (415) 451-3307

Attorneys for Defendant
TRUCKEE TAHOE AIRPORT DISTRICT,
a public entity

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY McKENZIE, | CASE NO.:  2:14-cv-00480-JAM-DAD |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| TRUCKEE TAHOE AIRPORT DISTRICT, a public entity, and DOES 1-20, inclusive, | |
| Defendants. | |

Subject to the approval of this Court, Plaintiff AUDREY MCKENZIE ("Plaintiff") and Defendant TRUCKEE TAHOE AIRPORT DISTRICT (hereinafter "Defendant") (collectively the "Parties") by and through their counsel of record, HEREBY STIPULATE to the following [Proposed] Protective Order in the above-captioned matter:

## **PROTECTIVE ORDER**

The purpose of this protective order is to facilitate the production and use of Plaintiff's records, including but not limited to Plaintiff's medical records, in discovery, hearings, and at trial in this case, so as to allow the parties to fully protect their interests in this litigation, while

maintaining Plaintiff's confidential information.  The Parties to this litigation, filed in the United States District Court for the Eastern District of California and entitled AUDREY MCKENZIE vs. TRUCKEE TAHOE AIRPORT DISTRICT, case number 2:14-cv-00480-JAM-DAD ("Litigation"), and their agents, possess certain private and/or confidential information ("Confidential Information") which may be disclosed in this Litigation during discovery or otherwise.  The Parties wish to ensure that any such Confidential Information disclosed shall not be used for any purposes other than this Litigation and shall not be made public, or be otherwise disseminated or used except as set forth in this [Proposed] Protective Order ("Protective Order").

The protective order will address any HIPAA concerns and will facilitate the production of Plaintiff's records, including, but not limited to medical records and mental health records, from Plaintiff's agents, including but not limited to:  the Department of Veterans Affairs, the VA Sierra Nevada Healthcare System, the VHA National Teleradiology Program, and Boyd Etter, P.T.

NOW, THEREFORE, upon agreement of the Parties and good cause therefore appearing, THE COURT HEREBY ORDERS THE FOLLOWING:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order.  Confidential information is information which has not been made public and which concerns or relates to Plaintiff's medical conditions and medical treatments.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. Any party may designate as "Confidential Information"  any document disclosed during the course of the Litigation, including information disclosed during discovery or at any hearing, or in any pleading, document, affidavit, brief, motion, or other writing or in testimony given in a deposition or at any hearing ("Litigation Materials").  Documents shall be designated by a party as "Confidential" at the time of production or copying by stamping or otherwise marking the word "Confidential" on each page (or in the first page of a multi-page document),

without obscuring its legibility. If the nature of the documents is such that they cannot be so stamped, then the Parties will in good faith make arrangements to secure the protections afforded by this agreement and order by proper notice to any party handling such documents.

4. If any party objects to the designation of any Litigation Materials as "Confidential" the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the objection informally, any party may apply to the Court for resolution of the objection. Until the Court rules on the application, the Litigation Materials shall continue to have their designated "Confidential" status in accordance with this agreement and order.

5. The restrictions against disclosure set forth in this agreement and order shall not apply to materials or information that:

a) Prior to the disclosure in this Litigation, were in the possession or knowledge of the party receiving the disclosure, provided that such materials or information were not subject to any prior restriction as to use or obligations as to confidence; or

b) were at any time independently developed by a party or counsel, based upon information obtained from a third party who did not request confidentiality, without use or reliance upon any confidential material or Confidential Information; or

c) were at any time independently developed by a party or counsel, based upon information with a reasonable expectation of confidentiality, without use or reliance upon any confidential material or Confidential Information; or

d) were made publicly available by the party claiming confidentiality or is otherwise available to the public; or

e) is required by law to be made available without reservation with respect to confidentiality.

6. All Litigation Materials designated as "Confidential" and any copies thereof shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending this Litigation, and not for any business or other purpose whatsoever. No notes, lists, memoranda, index or compilation prepared based wholly or in part upon examination of Litigation Materials shall be disseminated

to anyone not authorized to have access to Confidential Information.

7. Litigation Materials designated as "Confidential" and any copies thereof, shall be maintained in confidence by the party to whom such materials are produced or disclosed, and shall not be disclosed, in whole or in part, to any person(s), in words or substance, except during the course of this Litigation and then only to:

    a)     the Court or any Court employees as necessary;

    b)     the attorneys of record in this Litigation and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in this Litigation, and/or independent contractors under their direct supervision working on the Litigation or the Litigation on behalf of any party.  Provided, however, that each non-attorney given access to Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order;

    c)     the Parties to the Litigation who are subject to this Protective Order;

    d)     the Parties' experts and/or consultants who counsel for the receiving party reasonably believes it necessary to show Confidential, provided that such person has first read this order and has signed a copy of the Individual Agreement to be Bound by Confidentiality Agreement ("Individual Agreement") annexed hereto as Appendix A.

    e)     witnesses at any deposition, hearing or trial in this Litigation who previously had access to the Confidential Information, or who is currently or was previously an officer, director, partner, member employee or agent of an entity that had access to the Confidential Information

    f)     witnesses at any deposition, hearing or trial in this Litigation who previously did not have access to the Confidential Information, provided that each such witness given access to Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms, and further provided that the party who designated the Confidential Information is represented at such deposition, hearing, or trial;

    g)     court reporters at any deposition, hearing or trial, provided that such person has first read this Agreement and has signed a copy of the Individual Agreement; and

    h)     mock jury participants, provided however, that prior to the disclosure of Confidential Information to any such mock jury participant, counsel for the party making the

disclosure shall deliver a copy of this Protective Order to such person(s) shall explain that such person(s) is/are bound to follow the terms of this Protective Order, and shall secure the signature of such person(s) on the Individual Agreement.

8.  In the event that any person required by this Order to sign the Individual Agreement fails to sign as required, or any person who has signed the Individual Agreement refuses to comply therewith, or if to the knowledge of counsel any person fails to adhere to the terms of this Protective Order, counsel shall make no further disclosure to such person, and shall immediately notify counsel for the producing party.

9.  The Parties may designate depositions or other testimony as "Confidential" by any one of the following means: (a) stating orally on the record that the information is Confidential on the day the testimony is given; or (b) sending written notice designating certain information as Confidential within ten (10) days from the date that the transcript is available.

10.  The receiving party shall not duplicate any Confidential Information except working copies to be used by their attorneys or their experts and/or consultants and for filing with the Court.

11.  Any party to this Litigation may seek relief from the Court, after appropriate notice to the other parties, by submitting requests to modify or grant relief from any provision of this Protective Order to the Court.

12.  Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a.  operate as an admission by any person that any particular document, testimony, or information marked "Confidential" contains or reflects trade secrets, proprietary, confidential of competitively sensitive business, commercial, financial or personal information: or

    b.  prejudice in any way the right of any party:

        i.  to seek determination by the Court of whether any particular Confidential Information should be subject to protection as "Confidential" under the terms of this Protective Order; or

      ii. to seek relief from the Court on appropriate notice to all other parties to this Litigation from any provisions(s) of this Protective Order, either generally or as to any particular document, material, or information.

  13. Any party to this Litigation who has not executed this Confidentiality Agreement and Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Litigation.

  14. Nothing in this Protective Order shall be construed to preclude any party from asserting in good faith that certain Confidential Information requires additional protection. The parties shall meet and confer to agree upon the terms of such additional protection.

  15. Any documents, materials, or information that may be produced by a non-party witness in discovery in this Litigation pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto. Any such designation shall also function as a consent by such producing party to the authority of the Court in this Litigation to resolve and determine any motion or application made by any person or party with respect to such designation, or any other matter arising under this Protective Order.

  16. Nothing herein shall require a party receiving Confidential Information to risk judicial, administrative, or legislative sanction if such Confidential Information is subpoenaed, demanded or otherwise asked for by any court, administrative, legislative, or other governmental body, or any other person purporting to have authority to subpoena or demand such information. In such an event the party receiving a subpoena or demand shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the designating party, and shall furnish such counsel with a copy of the subpoena or demand.

  17. The Parties shall request and/or apply to the Court regarding any necessary procedure that documents designated as "Confidential" and ultimately used as Exhibits at

hearing or trial be sealed or returned to the parties**.**  If any Confidential Information, or information derived from Confidential Information are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be labeled "CONFIDENTIAL- SUBJECT TO COURT ORDER" and filed under seal until further order of the Court.  The Parties shall meet and confer regarding the procedures for use of Confidential Information at trial and shall jointly move the Court for entry of an appropriate order.

     18.    Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information.

     19.    The provisions of this Protective Order shall continue to be binding after the conclusion of this Litigation and all subsequent proceedings arising from this Litigation, except that a party may seek the written permission of the designating party or may move the Court from relief from then provisions of the Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after this Litigation is terminated.

     20.    Upon the final termination of this Litigation, whether by, order, judgment, settlement or otherwise, the attorneys for each party receiving Confidential Information shall either (i) assemble and return to the disclosing party all documents containing such Confidential including all copies thereof, and provide a certification that to the best of their knowledge this has been done or (ii) destroy all such documents containing Confidential Information and all copies thereof, and provide a certification that this has been done.  However, counsel for each party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court (and one copy of each deposition together with the exhibits marked at the deposition).

     21.    The Parties do not waive any right to object to any discovery requests or to seek any further confidentiality order on any grounds.  Nothing in this Order shall be construed as a waiver of any privilege and/or work product that may be applicable to any documents or information.  Moreover, inadvertent or unintentional production of privileged or work product material will not be construed as a waiver of attorney-client privilege or any other privilege

thereto.  Upon notice by either party that such privileged material has been produced, counsel will take all steps to ensure that the privileged material is immediately returned to the rightful party.

22. The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.  Upon its inadvertent disclosure of any Confidential Information, counsel for the producing party has to make a good faith effort to rectify the inadvertent disclosure on a timely basis.  Upon notice of an inadvertent disclosure pursuant to this section, reasonable steps shall be taken by all parties to prevent the dissemination of undesignated Confidential Information.

23. This Protective Order shall become effective immediately upon execution by the Parties.  This Order may only be modified or amended by written agreement of the Parties hereto or by further order of the Court.

24. The Parties and all signatories to the Individual Agreement attached hereto as Appendix "A" are to be bound by this Protective Order following its approval and entry by the Court.

///

///

///

///

///

///

///

///

///

///

1  Dated: March 10, 2015                REID, AXELROD

2

3                                       By:  /s/ Donald S. Honigman
                                            Donald S. Honigman, SB# 106914
4                                           REID, AXELROD
                                            315 Montgomery Street, Suite 800
5                                           San Francisco, CA 94104
                                            Tel: (415) 451-3300
6                                           Fax: (415) 451-3307
                                            dsh@rarmlaw.com
7

8                                           Attorneys for Defendant
                                            TRUCKEE TAHOE AIRPORT DISTRICT
9

10 Dated: March 10, 2015                CASEY GERRY SCHENK
                                        FRANCAVILLA BLATT & PENFIELD,
11                                      LLP

12

13                                      By:  /s/ Scott C. Cummins
                                            Scott C. Cummins, SB# 060899
14                                          CASEY GERRY SCHENK
                                            FRANCAVILLA BLATT & PENFIELD,
15                                          LLP
                                            110 Laurel Street
16                                          San Diego, CA 92101
                                            Tel: (619) 238-1811
17                                          Fax: (619) 544-9232
                                            scc@cglaw.com
18

19                                          Attorneys for Plaintiff
                                            AUDREY MCKENZIE
20

21

22

23

24

25

26

27

28

IT IS SO ORDERED.

Dated:  3/10/2015

/s/ John A. Mendez_____
United States District Court Judge

# APPENDIX A

## INDIVIDUAL AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Confidentiality Agreement and Protective Order in the case of AUDREY McKENZIE vs. TRUCKEE TAHOE AIRPORT DISTRICT, et al, case number 2:14-cv-00480-JAM-DAD, and a copy of the same has been delivered to me with a copy of this Individual Agreement. I agree to be bound by all the terms of this Individual Agreement. I also agree to be bound by all of the terms of the Confidentiality Agreement and Protective Order and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as required by the Confidentiality Agreement and Protective Order. I further consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City               State            Zip

_____
Employer